**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**PRISCILLA RILEY**                                                    **PLAINTIFF**


**VERSUS**                                    **CIVIL ACTION NO.** 3:26-cv-370-HTW-LGI
                                              **JURY TRIAL DEMAND**


**VITALCORE HEALTH STRATEGIES, LLC**                                   **DEFENDANT**

## COMPLAINT

Plaintiff, Priscilla Riley, by and through counsel, files this Complaint and Jury Demand against VitalCore Health Strategies, LLC (Defendant). This is an action to recover actual, compensatory, and punitive and/or liquidated damages based on sexual harassment, discrimination, and retaliation under the Title VII of the Civil Rights Act of 1964.

## PARTIES

1.      Priscilla Riley (Plaintiff) is an adult resident citizen of Meridian, Lauderdale County, Mississippi.

2.      VitalCore Health Strategies, LLC (VitalCore) is a Kansas corporation doing business in the State of Mississippi. Defendant's principal place of business is 719 SW Van Buren St, Suite 100, Topeka, KS 66603. Defendant may be served with process by serving

1

its registered agent: Corporation Service Company, 109 Executive Drive, Suite 3, Madison, MS 39110.

3. At all times relevant to the facts of this matter, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5).

4. VitalCore employed Ms. Riley at all times relevant to this Complaint.

## JURISDICTION AND VENUE

5. This Court has federal jurisdiction under 28 U.S.C. § 1331 and civil rights jurisdiction for a cause of action arising under Title VII of the Civil Rights Act of 1964, as amended. This Court has authority to award costs and attorney fees under 42 U.S.C. § 1988.

6. Venue is proper in this action pursuant to 28 U.S.C. § 2000e-5(f) because the events or omissions giving rise to Plaintiff's claims occurred in Lauderdale County, Mississippi, which is within the jurisdiction of the United States District Court for the Southern District of Mississippi, Eastern Division.

7. On July 2, 2025, Ms. Riley timely filed Charge of Discrimination (COD), Charge Number 423-2025-01662, against VitalCore with the U.S. Equal Employment Opportunity Commission (EEOC) for race and sex discrimination and retaliation. Exhibit A – COD. Ms. Riley received her Dismissal and Notice of Rights (RTS) for the corresponding charge from EEOC dated February 25, 2026. Exhibit B – RTS.

8. Ms. Riley timely files this action.

9. Ms. Riley demands a trial by jury on all issues so triable.

## FACTS

10. Ms. Priscilla Riley, Plaintiff, is a white female resident of Lauderdale County, Mississippi.

11. Ms. Riley began her employment with VitalCore on August 1, 2024, as a Certified Medical Assistant/Scheduler.

12. VitalCore is a correctional healthcare services provider.

13. VitalCore contracts with the Mississippi Department of Corrections (MDOC) to provide healthcare services to incarcerated individuals.

14. Ms. Riley worked at the East Mississippi Correctional Facility (EMCF).

15. MDOC contracts with Management & Training Corporation (MTC) to run EMCF.

16. EMCF is located in Meridian, Mississippi.

17. At any given time, EMCF could have employees working together from MDOC, MTC, and VitalCore.

18. Upon her start with VitalCore, Ms. Riley endured unwanted and persistent sexual harassment from Director of Nursing Tommy Price.

19. Price is employed by VitalCore.

20. On Ms. Riley's first day of work with VitalCore, Price gave Ms. Riley a ride from a car repair shop to work.

21. After stopping for lunch and while driving back to the facility, Price pulled to the side of the road, grabbed Ms. Riley's arm, and told Ms. Riley something about what her long black hair did to him and "the things I want to do to you."

22. Ms. Riley responded by asking Price to take her back to the facility.

23. Price made unwanted and continued sexual advances and comments to Ms. Riley during her employment; statements as:

    a. "I want to be your sugar daddy."

    b. "Do you think about me when you are at home? Because I think about you when I am in bed with my wife."

24. Ms. Riley was extremely uncomfortable with Price's statements and was fearful of the retaliation as he was her boss.

25. Ms. Riley experienced anxiety and stress when going to work because of Price.

26. Price noticed Ms. Riley having a bad day and said, "Come sit on my lap and I will make you feel better."

27. On a separate occasion, Price asked Ms. Riley if she had a boyfriend. Ms. Riley replied that she did not have time to date anyone. Price replied, "Damn I wish you would have said yes because now it makes me want you even more."

28.    Price once told Ms. Riley, "I want to be your sugar daddy."

29.    In February 2025, Ms. Riley reported Price's sexual harassment to VitalCore Health Services Administrator, Misty Mayfield.

30.    On March 25, 2025, Ms. Riley contacted VitalCore Human Resources, Susan Fout, to file a complaint against Price for sexual harassment.

31.    When Fout finally provided information to file the complaint, Ms. Riley had filed a grievance with Yolanda Austin of the MDOC about Price's sexual harassment.

32.    MDOC forwarded Ms. Riley's grievance to Fout.

33.    On April 9, 2025, Ms. Riley went to the Administrative Hallway to inform Warden Johnson of separate harassment by an MTC employee.

34.    MTC employee, Training Manager, Wesley Stevens, accompanied Ms. Riley to report the harassment.

35.    MTC Office Manager Ming and MTC Human Resources Malone approached Ms. Riley and Officer Stevens and ushered them to separate offices.

36.    Ms. Riley was in Ming's office with Deputy Warden Smith when Misty Mayfield, Plaintiff's direct supervisor entered the office.

37.    Deputy Warden Smith told Mayfield that Ms. Riley was yelling at Stevens.

38.    Ms. Riley countered that she never yelled at Stevens and that they were having a discussion about returning to Warden Johnson later to report the harassment.

39.     Mayfield asked to speak to Deputy Warden Smith in private and they exited the office.

40.     When Deputy Warden Smith and Mayfield returned to the office, Smith told Ms. Riley they were pulling her security clearance.

41.     On April 9, 2025, Defendant unlawfully terminated Ms. Riley.

42.     Ms. Riley was not allowed to collect her belongings, including her eye glasses, and Deputy Warden Smith relieved her of her ID badge and walked her out of the facility.

43.     Ms. Riley believed the false statements regarding her and Stevens were meant to serve as a basis for pretextual reasons for her termination or other retaliation against Ms. Riley.

44.     Stevens, a male, was given a written reprimand for the alleged encounter.

45.     Upon information and belief, when Mayfield met privately with Deputy Warden Smith on April 9, 2025, Mayfield informed Smith of Plaintiff's sexual harassment complaint against DON Price and that "they wanted her gone."

46.     Ms. Riley was discriminated against on the basis of her sex, when experiencing the ongoing sexual harassment from Price.

47.     Ms. Riley was retaliated against for engaging in protected activity by complaining about the sexual harassment.

48.     VitalCore allegedly conducted an investigation into Ms. Riley's sexual harassment complaint against Price.

49.     There were corroborating witness statements from other current and former VitalCore employees regarding Price's harassment, including another female subjected to Price's harassment who also lost her job because her security clearance was pulled.

50.     Defendant, through its agents and management, subjected Ms. Riley to a hostile work environment through repeated acts of intimidation, verbal abuse, and unequal treatment after she reported sexual harassment.

51.     Defendant's conduct was willful, intentional, and carried out with reckless disregard for Plaintiff's rights protected under Title VII of the Civil Rights Act of 1964.

52.     Ms. Riley has exhausted all administrative remedies and now seeks full relief for discrimination, retaliation, and harassment under applicable federal and state laws.

## CAUSES OF ACTION

### COUNT I: SEX DISCRIMINATION (TITLE VII § 2000e) (Against VitalCore Health Strategies, LLC)

53.     Plaintiff incorporates by reference paragraphs 10-23 and 48–50.

54.     Ms. Riley is a woman and thus a member of a protected class.

55.     Ms. Riley was subjected to unwelcome sexual harassment by Price, including sexual propositions, explicit comments about "the things I want to do to you," and requests such as "Come sit on my lap and I will make you feel better."

56.    The harassment was because of Ms. Riley's sex, including Price's repeated sexualized statements such as "I want to be your sugar daddy" and comments about thinking of Ms. Riley while in bed with his wife.

57.    The harassment was severe and/or pervasive, beginning on Ms. Riley's first day with physical grabbing of her arm in a secluded setting and continuing with persistent sexual remarks that caused anxiety and stress about going to work.

58.    Price was a Director of Nursing and Ms. Riley's boss, and his conduct and the ensuing unequal treatment by management after her reports are attributable to VitalCore.

59.    Ms. Riley suffered emotional distress, anxiety, and other non-economic harms; and lost wages/benefits due to separation.

**COUNT II: RETALIATION (TITLE VII) (Against VitalCore Health Strategies, LLC)**

60.    Plaintiff incorporates by reference paragraphs 19–44 and 48–50.

61.    Ms. Riley engaged in protected activity by reporting Price's sexual harassment to Mayfield in February 2025 and by contacting VitalCore HR (Fout) on March 25, 2025 to file a complaint, and by filing an MDOC grievance that was forwarded to Fout.

62.     On April 9, 2025, after Mayfield met privately with Deputy Warden Smith, Ms. Riley's security clearance was pulled, she was relieved of her ID, not allowed to

retrieve belongings, and escorted out; Stevens, a male involved in the same encounter, received only a written reprimand.

64.    Upon information and belief, Mayfield informed Deputy Warden Smith of Ms. Riley's sexual harassment complaint and that "they wanted her gone," evidencing retaliatory motive.

65.    Ms. Riley believed the statements about her alleged conduct with Stevens were used as a pretext for termination or other retaliatory action.

66.    Causation is supported by the close temporal proximity between Ms. Riley's protected complaints in February–March 2025 and the April 9, 2025 security clearance pull, employment was terminated and she was removed from the facility, coupled with the stated desire to have her "gone."

**PRAYER FOR RELIEF**

67.     Ms. Riley sustained substantial monetary and non-monetary damages because of Defendants' unlawful conduct. Ms. Riley seeks all legal and equitable relief available to effectuate the purposes of Title VII of the Civil Rights Act of 1964, as amended, including but not limited to:

        a.  Back pay, fringe benefits, and all other emoluments of employment;

        b.  Compensatory damages;

        c.  Punitive damages;

        d.  Damages for loss of enjoyment of life;

        e.  Damages for lost opportunities;

9

    f.   Costs and reasonable attorney's fees;

    g.   Appropriate affirmative relief;

    h.   Front pay;

    i.   Pre-judgment and post-judgment interest on all amounts awarded; and

    j.   Any other relief the Court deems just and equitable.

69. Plaintiff prays that a jury be empaneled to decide all issues so triable in this matter and determine damages, and that Plaintiff be awarded reasonable attorney fees and costs.

THIS the 26th day of May, 2026.

Respectfully submitted,

PRISCILLA RILEY

s/ Kristy L. Bennett
Kristy L. Bennett, MSB 99525
Tressa V. Johnson, MSB 104892
JOHNSON & BENNETT, PLLC
1407 Union Ave., Ste. 807
Memphis, TN 38104
(901) 402-6830 direct
(901) 402-6601 office
kristy@myjbfirm.com
tressa@myjbfirm.com
*Attorneys for Plaintiff*